<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.C.,<br><br>      Plaintiff,<br><br>v.<br><br>CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>      Defendant. | Civil Action No. 13-7153 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court on Defendant Citizens Insurance Company of America's ("Defendant") motion for reconsideration pursuant to Local Civil Rule 7.1(i). (ECF No. 27.) Plaintiff J.C. ("Plaintiff") has opposed the motion (ECF No. 28), and Defendant has replied (ECF No. 29). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion for reconsideration is denied.

**I.**  <u>**Background**</u>

  The factual background of this matter is set forth in this Court's summary judgment decision and will not be set forth herein. (Summ. J. Op., ECF No. 26.) On May 9, 2014, Defendant filed a motion for summary judgment. (Def.'s Summ. J. Moving Br. ("S.J. Br."), ECF No. 12-15.) The Court granted Defendant's motion as to Plaintiff's invasion of privacy claim and denied the motion without prejudice in all other respects. (Summ. J. Op. 13.) On January 14, 2015, Defendant

filed the motion for reconsideration sub judice. (Def.'s Recons. Br. ("Recons. Br."), ECF No. 27-1.)

## II. Discussion

Local Civil Rule 7.1(i) permits a party to request reconsideration of matters "which [it] believes the [court] has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i). In order to succeed on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted "very sparingly." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *Id.* "Rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Here, Defendant has not demonstrated that the extraordinary remedy of reconsideration is warranted. Defendant's motion for reconsideration raises new arguments, minimizes the relevance of certain arguments previously raised, expands on the analysis of other arguments previously raised but only briefly discussed, and cites, for the first time, certain decisions that are either non-binding or that existed prior to the filing of the summary judgment motion. For example, the motion expands on Defendant's prior argument regarding the asserted proper construction of the

term "accident" by citing to a decision of the California Supreme Court and a drafting change made by the Insurance Services Office ("ISO")[1] in its standard insurance form. (Recons. Br. 6-9.)

Notwithstanding the decision of the California Supreme Court and the drafting change of ISO, Defendant has not demonstrated that the Court made a clear error of law in its construction of the term "accident." *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any [diversity] case is the law of the state [in which the controversy arises]."). The New Jersey Supreme Court has held that an insured's conduct constitutes an "accident" as long as the insured does not intend to cause injury, even though the insured intended to commit the act that ultimately caused the injury. *See Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 183 (1992) ("[T]he accidental nature of an occurrence is determined by analyzing whether the alleged wrongdoer intended or expected to cause an injury. If not, then the resulting injury is 'accidental,' even if the act that caused the injury was intentional."); *St. Paul Fire & Marine Ins. Co. v. Bros. Int'l Corp.*, 319 F. App'x 121, 126 (3d Cir. 2009) (interpreting New Jersey law's definition of "accident" based on *Voorhees*).

Defendant also takes issue with the Court's discussion of the objective and subjective prongs related to "occurrence," including the Court's decision to permit the parties to complete discovery. Defendant, however, acknowledged the subjective prong and discussed both the subjective and objective prongs in its summary judgment brief. There, Defendant noted that, "[i]n determining if an action by the insured is intentional and thus not covered by the policy, the actor's

---

[1] The ISO is "a company that provides data and consulting services regarding risk" and drafts standard insurance policy forms that many insurance companies use. *Geraghty v. Ins. Servs. Office, Inc.*, 369 F. App'x 402, 404 (3d Cir. 2010); *see Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 772 (1993).

subjective intent will be examined even if certain actions are 'foolhardy' or 'reckless.'" (S.J. Br. at 13 (citing *Voorhees*, 128 N.J. at 184).) Defendant argued that "[c]ertain cases . . . are so egregious that an alleged benign subjective intent is not to be believed as a matter of law." (*Id.* at 13.) Defendant discussed the facts of *Atlantic Employers Insurance Co. v. Tots & Toddlers Pre-School Day Care Center, Inc.*, 239 N.J. Super. 276 (App. Div.), *certif. denied*, 122 N.J. 147 (1990); *Miller v. McClure*, 326 N.J. Super. 558 (App. Div. 1998); *Mroz v. Smith*, 261 N.J. Super. 133 (App. Div. 1992); and *Schmidt v. Smith*, 294 N.J. Super. 569 (App. Div. 1996). Defendant then asserted:

> Lotito's actions are clearly of the same kind and manner as those addressed by the Appellate Division in *Mroz*, *Miller* and *Schmidt*. Consequently, Lotito's actions do not stem from an "occurrence" because they are sufficiently "reprehensible" in that some intent to injure the Claimant can be inferred regardless of Lotito's subjective intent and his claims that he did not intend to hurt the Claimant by secretly videotaping her while they were having sexual intercourse. As such, Lotito was not entitled to coverage and Citizens is entitled to summary judgment as a matter of law.

(S.J. Br. 16-17.)

In its motion for reconsideration, Defendant argues that "the Court need not bother with engaging in the 'objective/subjective' analysis because the Citizens Policy, the controlling contract in this case, does not require it." (Recons. Br. 12.) According to Defendant, the Court could only reach the conclusion that Plaintiff's injuries do not stem from an "occurrence" under the policy. (*Id.* at 12-13.) Defendant further argues that manifest injustice would be imposed by continuing discovery. (*Id.* at 13.)

Defendant asks the Court to rethink what it already thought through. In its summary judgment decision, the Court discussed the cases cited by Defendant and found that the facts of the present case are distinguishable. Nevertheless, the Court denied Defendant's motion without prejudice and clearly indicated that it may be inclined to revisit the issue of the "objective prong"

4

in conjunction with a renewed summary judgment motion. The Court also stated that it declined to reach the "subjective" prong as discovery had not yet closed. (Summ. J. Op. 10.) Here, there is no indication that any remaining discovery will be extensive or cost-prohibitive. Rather, it appears from the motion papers that discovery has been, or is nearly, completed. Accordingly, the Court does not find that manifest injustice would be imposed by permitting the parties to complete discovery and by requiring Defendant to file a renewed summary judgment motion at the completion of discovery.

Finally, Defendant's argument in its motion for reconsideration regarding the "expected/intended injury" policy exclusion differs from the argument Defendant raised on summary judgment. In its summary judgment moving brief, Defendant argued:

> The New Jersey Supreme Court in *Voorhees*, interpreting the definition of "occurrence," stated that its inquiry "parallels that taken in interpreting policy exclusions for intentional acts," which "preclude coverage for injuries expected or intended by the insured." Just as Lotito's acts were not an accident or "occurrence," Lotito clearly intended and expected to cause injury to the Claimant by "viciously" and surreptitiously videotaping her without her knowledge or consent . . . . The alleged intentional and/or negligent emotional distress and invasion of privacy of the Claimant would necessarily have been expected or intended by Lotito, even if the resulting emotional distress were of a different kind, quality or degree than expected or intended. Accordingly, the expected/intended injury exclusion applies to bar coverage for the Underlying Action.

(S.J. Br. 19-20.) On the other hand, Defendant argues in its motion for reconsideration:

> [T]he Court need not consider the objective/subjective analysis set forth by the *Voorhees* court to conclude that there was no "occurrence," as that term is defined by the Citizens Policy. Generally speaking, such analysis is only required to apply the "expected or intended" injury exclusion – which we again emphasize is wholly separate and distinct from the definition of "occurrence" in the Citizens Policy.

(Recons. Br. 11.) With respect to the policy exclusions, Defendant has not met the high standard required for reconsideration.

### III. Conclusion

For the reasons set forth above, it is hereby ordered that Defendant's motion for reconsideration is denied. An order consistent with this Memorandum Opinion will be entered.

 s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

**Dated:**  August 31, 2015